**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ARTHUR J. SMITH,
on behalf of plaintiff and the class members described below,

Plaintiff,

vs.

CAVALRY SPV I, LLC,

Defendant.

## COMPLAINT – CLASS ACTION

1. Plaintiff brings this action against debt buyer Cavalry SPV I, LLC to secure redress for attempts to collect debts with respect to which Cavalry SPV I, LLC has no reliable information are owed.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3. Venue in this district is proper because the acts at issue occurred here.

## PARTIES

4. Plaintiff is a resident of the Northern District of Illinois.

5. Defendant Cavalry SPV I, LLC is a limited liability company organized under Delaware law with offices at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6. Cavalry SPV I, LLC is engaged in the business of acquiring alleged delinquent consumer debts and collecting them.

7. Cavalry SPV I, LLC files numerous lawsuits in Illinois to collect alleged delinquent consumer debts originally owed to others.

8. The mails and telephone system are used in connection with such collection activities.

9. Cavalry SPV I, LLC is a debt collector as defined in the FDCPA.

**FACTS**

10. In 2005, Household Finance filed a lawsuit against Mr. Smith in DuPage County Circuit Court, case 2005 AR 632, to collect a debt incurred for personal, family, or household purposes and not for business purposes.

11. Household Finance was represented in the lawsuit by the now defunct collection firm of Friedman & Wexler.

12. A judgment in the amount of $7719.69 plus costs was entered on or about December 22, 2005.

13. Household Finance, by Friedman & Wexler, initiated wage deduction proceedings against Mr. Smith in February 2006. (Exhibit A)

14. Household Finance became HSBC Finance through a corporate acquisition.

15. Cavalry SPV I, LLC claims to have acquired the Household Finance debt in November 2012.

16. Cavalry SPV I, LLC was substituted as plaintiff in 2005 AR 632 on or about February 4, 2013. (Exhibit B)

17. In May 2013, Cavalry SPV I, LLC filed a motion to revive the judgment.

18. The premise of such a motion is that the judgment has not been paid in full.

19. By correspondence of June 3, 2013 (Exhibit C) and May 20, 2013 (Exhibit D), Mr. Smith requested an accounting of what had been paid on the judgment.

20. As set forth in Exhibit D, Mr. Smith has records from his employer (Cook County) of the amounts paid on the judgment, which show that wage deductions ceased when the judgment was paid in full. On information and belief, the last two deductions covered interest that had accrued during the period of the wage deductions.

21. On April 14, 2010, HSBC Finance Corporation had sued Friedman & Wexler, Norman Wexler and Mitchell H. Wexler, alleging that they stole money from it. (Exhibit E) A default judgment was entered.

22. In mid-2010, Friedman & Wexler abruptly closed amid allegations that it had stolen money collected from consumers on behalf of various creditor-clients. (Exhibit F)

23. On November 17, 2011, the principals of Friedman & Wexler, Norman Wexler and Mitchell Wexler, were disbarred by the Illinois Supreme Court for stealing money collected from consumers on behalf of various creditor-clients. (Exhibit G)

24. On July 1, 2013, Mr. Smith filed a motion for an accounting of what had been collected on the judgment against him. (Exhibit H)

25. Although Mr. Smith had an absolute right to an accounting by statute, Cavalry's attorneys insisted on a briefing schedule and hearing date, and then dismissed the case/motion to revive with prejudice before the hearing.

26. On information and belief, based on the foregoing, records of Household or HSBC at the time they were represented by Friedman & Wexler cannot be relied upon as accurately stating what any consumer still owes.

27. Cavalry is thus attempting to collect money when it has no real idea whether any money is owed or what the amount owed is.

28. Cavalry knew or should have known of the Friedman & Wexler defalcations when it allegedly purchased the debts affected by them.

29. Plaintiff was required to pay an appearance fee and retain counsel as a result of the conduct complained of, and was damaged.

**VIOLATION ALLEGED**

30. Defendant violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) by engaging in collection activities with respect to plaintiff and the class members.

31. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of–**
>
> **(A) the character, amount, or legal status of any debt; . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

**CLASS ALLEGATIONS**

32. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings suit on behalf of a class.

33. The class consists of (a) all persons (b) whose debts were the subject of collection efforts by Friedman & Wexler (c) and were subsequently claimed to be owned by Cavalry SPV I, LLC (d) where any collection activity by or on behalf of Cavalry SPV I, LLC occurred on or after a date one year prior to the filing of this action.

34. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

35. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

a. Whether defendant represents to debtors that amounts are owed when it knows it has no reasonable basis for such representations.

b. Whether such conduct violates the FDCPA.

36. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

37. Plaintiff will fairly and adequately represent the class members. Plaintiff has

retained counsel experienced in class actions and consumer credit litigation.

38. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible;

b. Members of the class are likely to be unaware of their rights; and

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit; and

(4) Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## JURY DEMAND

Plaintiff requests trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service)
Email address for service: courtecl@edcombs.com

T:\29057\Pleading\Complaint-Federal_Pleading.WPD